ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Dennis N. Walker, ) | |
| ) | CASE NO. 4:04CV2455 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| City of Youngstown, ) | JUDGMENT |
| ) | [Resolving Doc.8] |
| Defendant(s). ) | |
| ) | |

This matter comes before the Court on motion by Defendant City of Youngstown (the "City") to dismiss Plaintiff Dennis N. Walker's claims. According to the City, res judicata bars Plaintiff's claims. The Court, having reviewed this matter agrees with the City and hereby grants its motion.

In December 2003, prior to filing the instant case, Plaintiff filed a similar action against the City and against then co-defendant Local 377 International Brotherhood of Chauffers, Teamsters, Warehousemen and Helpers (hereinafter "Walker I").[1] The Walker I complaint alleged claims for breach of the duty of fair representation under Secion 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), a civil rights claim under 42 U.S.C. § 1983, and a Title VII claim for violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The Walker I defendants moved to dismiss Plaintiff's complaint in that case. The Court granted the motions on January 5, 2005, and dismissed the complaint with prejudice.[2]

---

[1] See generally 5:03CV2554.

[2] ECF Doc. 32.

Prior to dismissing the Walker I complaint, however, the Court denied Plaintiff's request for leave to file an amended complaint after he had retained new counsel.[3]  The Court found that defendants would suffer prejudice if the pleadings were to be amended almost one year after Walker I was filed.

Following the Court's denial of his motion to amend, Plaintiff filed this action ("Walker II").  In doing so, he submitted a complaint almost identical to the complaint that the Court had disallowed in Walker I.  The Walker II complaint sets forth claims for race discrimination under Section 1981, violation of "constitutional rights" under Section 1983, and a state law claim for intentional interference with employment contract.  Shortly after this case was filed, the City filed a motion to dismiss claiming that the doctrine of res judicata bars the action.  The Court agrees.

The doctrine of res judicata encompasses the related concepts of claim and issue preclusion. City of Canton v. Maynard, 766 F.2d 236, 238 (6th Cir. 1985).  Claim preclusion prevents a party from raising new issues in new litigation if those issues should have been raised in an earlier proceeding. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).  In order for claim preclusion to apply, there must be (1) a final judgment on the merits; (2) a subsequent action between the same parties; (3) the assertion of a new claim that should have been litigated in the prior action; and (4) identity of the causes of action.  Wilkins v. Jakeway, 183 F.3d 528, 531 (6th Cir. 1999).  Issue preclusion bars the relitigation of issues that have been actually litigated and lost in a prior action. Migra, 465 U.S. at 77.

---

[3] ECF Doc. 30.

2

Here, Plaintiff argues that res judicata does not apply because there was no final judgment on the merits in Walker I.[4] In other words, Plaintiff argues that the claims were never "actually litigated." Plaintiff, however, is mistaken because the law in this circuit mandates that a dismissal for failure to state a claim is a dismissal on the merits.  Rogers v. Stratton Indus., Inc., 798 F.2d 913, 917 (6th Cir. 1986) (noting that Rule 12(b)(6) judgments are dismissals on the merits); see also Guzowski v. Hartman, 849 F.2d 252, 255 n.4 (6th Cir. 1988) ("A dismissal for failure to state a claim is on the merits and is thus 'actual litigation'").[5]

Here, both cases involve the same parties and the same facts, i.e. both cases deal with Plaintiff's discharge from his position with the City as a watchman laborer.  Thus, to the extent that the instant action raises new claims, it is barred by claim preclusion because such claims could have been raised in Walker I.  To the extent that the instant action reasserts the same issues as in the prior lawsuit, those issues are barred as well because they have already been litigated and decided on the merits.

---

[4] In his opposition, Plaintiff cites an abundance of Ohio case law.  The Court, however, will not consider the Ohio standard because it is federal law that applies.  Sherman v. Ludington, No. 91-3936, 1992 WL 159978 at *2-3 (federal res judicata law applies to federal courts acting under federal question jurisdiction).

[5] Plaintiff's Section 301 claim in Walker I was dismissed for lack of jurisdiction.  However, the other claims were dismissed for failure to state a claim.  Because the Section 301 claim was not raised again here, the Court considers the judgment in Walker I a final judgment.

3

Accordingly, the City's motion in this case is GRANTED and Plaintiff's case DISMISSED under the doctrine of res judicata.

IT IS SO ORDERED.

| | |
|---|---|
| _April 25, 2005_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |